UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2018-2
OCTOBER 1, 2019 SESSION



FILED
OCT - 1 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:19-00255
    18 U.S.C. § 922(g)(1)
CODY ALEXANDER HUDSON    18 U.S.C. § 924(a)(2)

## I N D I C T M E N T

The Grand Jury Charges:

### COUNT ONE
(Felon in Possession of Firearm)

1. On or about May 23, 2019, at or near South Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant CODY ALEXANDER HUDSON did knowingly possess a firearm, that is, a Hi Point C9 9mm handgun, in and affecting interstate commerce.

2. At the time defendant CODY ALEXANDER HUDSON possessed the aforesaid firearm, he knew he had been convicted of crimes, each punishable by imprisonment for a term exceeding one year, as defined in 18 U.S.C. § 921(a)(20), that is:

   a. Convicted on or about July 24, 2013, in the Circuit Court of Kanawha County, West Virginia, of attempted first degree robbery, in violation of W. Va. Code § 61-2-12.

      b.    Convicted on or about October 5, 2016, in the Circuit Court of Kanawha County, West Virginia, of Prohibited Person in Possession of a Firearm, in violation of W. Va. Code § §61-7-7.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**NOTICE OF FORFEITURE**

1. The allegations contained in the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 28 U.S.C. § 2461(c), 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

2. In accordance with 28 U.S.C. § 2461(c), 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of defendant CODY ALEXANDER HUDSON of a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as set forth in this Indictment, defendant CODY ALEXANDER HUDSON shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, including, but not limited to the following: a Hi Point C9 9mm handgun, serial number P1222601, and all ammunition, seized by police on or about May 23, 2019.

3. If any of such property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

         MICHAEL B. STUART
         United States Attorney

  By: _____
         STEFAN J.O. HASSELBLAD
         Assistant United States Attorney