# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   CRIMINAL ACTION NO. 2:19-cr-00255

CODY ALEXANDER HUDSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant's Response to Court's February 19 Order* (Document 62), construed as a motion to dismiss, the United States' *Motion to Reconsider & Response to Motion to Dismiss* (Document 64), and the *Defendant's Response to United States' February 20, 2020 Reply* (Document 65). After careful consideration, the Court finds that the United States' motion for reconsideration should be denied, and the Defendant's motion to dismiss should be granted.

On January 28, 2020, the Defendant filed a motion to suppress evidence of a gun found in the vehicle he was driving on May 23, 2019. The Court held a suppression hearing on February 11, 2020, and the United States presented evidence and argument. On February 14, 2020, the Court entered a *Memorandum Opinion and Order* (Document 58), granting the motion to suppress the gun. On February 19, 2020, the Court entered an order requiring the parties to file briefing regarding the anticipated witnesses and length of trial, in view of its order on the motion to suppress. The United States filed a response, listing potential witnesses and its estimate that trial

would last up to two days. The Defendant filed his response, arguing that the United States would not have evidence of an essential element of the case following suppression of the gun. The Court construed the response as a motion to dismiss and directed the United States to respond. For the first time, the United States argued that the officers would have inevitably discovered the firearm.

The United States requests reconsideration "because the United States neglected to argue that Detective Stover would have inevitably discovered the firearm at issue in this case." (U.S. Resp. at 1.) It also requests that trial be continued to permit "any further proceedings" related to its motion for reconsideration. (*Id.* at fn. 1.) The evidence at the hearing was that the firearm was found partially under the driver's seat, between the seat and the door. Detective Stover drove the vehicle to the police station after the Defendant's arrest as a courtesy to the passenger, who was the vehicle owner but who did not appear capable of driving. The United States argues that Detective Stover would have noticed the firearm during that transport of the vehicle, even absent the improper search.

As the Defendant notes, consideration of the issue of inevitable discovery raises factual questions that could not be resolved without either holding an additional hearing or relying on speculation. The Court finds that the United States' admitted "neglect" to raise the issue in its response to the motion to suppress and/or to present argument and evidence of the same during the suppression hearing does not warrant reconsideration of the Court's suppression order. Further, upon receipt of the Court's opinion on the suppression motion, the United States had an ethical obligation to dismiss the case if it did not have other evidence to sustain its burden of proof.

The United States' sole response in opposition to the Defendant's construed motion to dismiss is that the suppression order should be reconsidered. It does not assert that it has sufficient

2

evidence to proceed following suppression of the firearm. Therefore, the Court finds that the Defendant's motion to dismiss must be granted.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the United States' *Motion to Reconsider & Response to Motion to Dismiss* (Document 64) be **DENIED**. The Court further **ORDERS** that the *Defendant's Response to Court's February 19 Order* (Document 62), construed as a motion to dismiss, be **GRANTED**, that the Indictment (Document 1) against the Defendant be **DISMISSED** and that the Defendant be **RELEASED FORTHWITH**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 20, 2020

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA